FILED - LN
May 27, 2008 10:29 AM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: /

5-26-08 J

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT NICKLAY    Robert J. Jonker    MOTION TO
PLAINTIFF         U.S. District Judge  AMEND
                                       COMPLAINT
VS

JUDGE C.E. OSTERHAVEN
DEFENDANT                    1:08-cv-474

Now comes the Plaintiff asking this Honorable court to AMEND his original complaint filed on 5-22-08. Said AMENDMENT is Allowed By Rule 15, "Pleadings AND MOTIONS" of the Federal Rules of Civil Proceedure.

Amended complaint should READ AS Follows:

## FEDERAL COMPLAINT

Judge OSTERHAVEN DID ACT OUTSIDE HIS JUDICIAL CAPACITY when HE threatened MR. NICKLAY IN OPEN COURT with INCARCERATION IF MR. NICKLAY were to exercise his ABSOLUTE Right to pursue ANY AVAILABLE REMEDY AS A victim of crime. Said threat is NOT ONLY NOT JUDICIAL IN NATURE But ALSO IN clear ABSENCE of All JURISDICTION. See PIERSON V RAY, 386 U.S. 547 (1967); ALKIRE V IRVING, 305 F.3d 456, 469 (6th Circuit 2002); MIRELES V

Waco, 502 US 9, 11, 12 (1991).

In determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is is one normally performed by a judge. Stump v Sparkman, 435 U.S. 349, 362 (1978); Barnes v Winchell, 105 F.3d 1111, 1116 (6th Cir. 1997)

Plaintiff is reasonably sure the Hon. Defendant's judicial immunity is overcome by both sets of circumstances the Supreme Court has been clear on. Mireles v Waco 502 US 9, 11, 12.

Plaintiff has been forced to withdraw from State case 07-3422-SC under duress pursuant to Judge Ostertmens threats. ~~[struck]~~

### RELIEF REQUESTED

That this Honorable court grant this motion and amend the complaint as requested. Plus Punitive damages in the amount of $250,000.

Respectfully Submitted,
All Rights Reserved
UCC 1-103   UCC 1-207

[signature]

ESTO DIGNUS