UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT STEVEN NICKLAY,

        Plaintiff,          Case No. 1:08-cv-474

v.          Honorable Robert J. Jonker

CALVIN E. OSTERHAVEN,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by Robert Nicklay against 56th Circuit Court Judge Calvin Osterhaven. The Court has granted Plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598, 605 (6th Cir. 2005). In applying

these standards, the court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, I conclude that Plaintiff's amended complaint must be dismissed because Defendant is immune from suit.

## Discussion

In his two-page amended complaint, Plaintiff alleges, "Judge Osterhaven did act outside his judicial capacity when he threatened Mr. Nicklay in open court with incarceration if Mr. Nicklay were to exercise his absolute right to pursue any available remedy as a victim of crime. Said threat is not only not judicial in nature but also in clear absence of all jurisdiction." (Am. Compl., at 1, docket #5.) Plaintiff further contends that as a result of Judge Osterhaven's threats, he was forced to withdraw his case in the state court. Plaintiff does not provide any further factual allegations regarding the nature of the state-court proceedings. For relief, Plaintiff seeks punitive damages of $250,000.

Judge Osterhaven is immune from Plaintiff's damage suit under the doctrine of absolute judicial immunity. State judges enjoy absolute immunity from federal damage suits for acts performed in their judicial capacities, except for acts done in the clear absence of jurisdiction. *See Pierson v. Ray*, 386 U.S. 547 (1967); *Alkire v. Irving*, 305 F.3d 456, 469 (6th Cir. 2002). The Supreme Court has made it clear that absolute judicial immunity is overcome "in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). First, a judge is not immune for non-judicial actions, *i.e.*, actions not taken in a judicial capacity. *Id.* Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction. *Id.* at 12. In

determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is one normally performed by a judge. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). While the second recognized exception to judicial immunity allows suits when a judge acted "in the complete absence of all jurisdiction," simply exceeding the limits of one's jurisdiction will not eliminate immunity. *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). Only in the absence of subject matter jurisdiction are judges outside the protection of judicial immunity. *Id.* Moreover, a claim that the state court judge acted "maliciously or corruptly" and in excess of his jurisdiction is insufficient to overcome judicial immunity.

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27, 108 S. Ct. 538, 98 L.Ed.2d 555 (1988).

*Id.* at 606.

Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. Plaintiff contends that Judge Osterhaven made improper threats in open court during a judicial proceeding in the 56th Circuit Court. Despite Plaintiff's allegations to the contrary, there is no doubt that presiding over the state-court proceeding was a judicial act and that Judge Osterhaven was acting within his jurisdiction in doing so. Indeed, Plaintiff's own allegations implicitly acknowledge

- 3 -

Judge Osterhaven's jurisdiction over the matter in which he made the alleged threats. Plaintiff claims that the harm he suffered was to be forced under duress to abandon the state-court action he brought before Judge Osterhaven. In other words, Plaintiff's claim is that Judge Osterhaven's in-court rulings were wrong or somehow improper, not that he lacked jurisdiction over the matter before him.

### Recommended Disposition

Judge Osterhaven is entitled to judicial immunity protection in federal court from this type of action.[1] Because Defendant Osterhaven is immune from suit, I recommend that Plaintiff's complaint be dismissed with prejudice on grounds of immunity pursuant to 28 U.S.C. § 1915(e)(2). I further recommend that leave to appeal *in forma pauperis* on appeal be denied pursuant to 28 U.S.C. § 1915(a)(3).


Dated:  June 16, 2008                                      /s/ Hugh W. Brenneman, Jr.
                                                           HUGH W. BRENNEMAN, JR.
                                                           United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[1] Even if Judge Osterhaven was not entitled to judicial immunity, this Court lacks subject matter jurisdiction over Plaintiff's claim. A federal district court has no authority to review final judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust* Co., 263 U.S. 413, 415-16 (1923); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). If Plaintiff was dissatisfied with the result of his proceeding in the state trial court, his proper remedy was to appeal the decision in the Michigan Court of Appeals.