UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT NICKLAY,

    Plaintiff,                         Case No. 1:08-CV-474

v.                                         Hon. Robert J. Jonker

CALVIN E. OSTERHAVEN,

    Defendant.
_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 8) filed on June 16, 2008. Plaintiff filed his Objection to the Report and Recommendation (docket # 9) on June 24, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Plaintiff makes one objection to the Report and Recommendation. He claims that, contrary to the conclusion of the Report and Recommendation, Defendant is not immune from suit. More specifically, he claims in his objection that Defendant is not entitled to immunity because Defendant's actions—threatening Planitiff with "illegal incarceration if he were to exercise his absolute right to access the couts"—were not judicial actions protected by judicial immunity.

Plaintiff's objection is without merit. As set forth in the Report and Recommendation, Plaintiff's complaint must be dismissed because Defendant is entitled to judicial immunity. Even if Defendant acted maliciously or corruptly, and even if he did so while acting in excess of his jurisdiction, he is entitled to judicial immunity from a suit for damages unless the complained-of actions were not taken in a judicial capacity, or unless the actions were taken in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). Defendant was

acting in a judicial capacity when he allegedly made improper threats to Plaintiff. He was presiding in his judicial capacity over a state-court proceeding, and he was acting within his jurisdiction in doing so.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 16, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED THAT**:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE on grounds of immunity; and

2. The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated:  July 24, 2008                     /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE